ALLIED MILLS, INC., APPELLANT, v. PORTERFIELD, TAX
COMMR., APPELLEE.

[Cite as Allied Mills v. Porterfield
· (1972), 30 Ohio St. 2d 205.]

(No. 71-708—Decided May 31, 1972.)

206

*Messrs. Wright, Harlor, Morris & Arnold* and *Mr. George M. Hauswirth*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Dwight C. Pettay, Jr.*, for appellee.

LEACH J. The decision in this case hinges upon the language found in R. C. 5711.222, enacted as a part of H. B. 480, effective December 2, 1967 (132 Ohio Laws, Pt. I, 1927), which states, in pertinent part:

"Notwithstanding the provisions of division (B) of Section 5711.08 of the Revised Code providing for the exemption of property used in agriculture, and for the specific purpose of effecting a gradual impact upon revenue, all personal property used in agriculture shall be entered on the general tax list and duplicate of taxable property and listed as to ownership or control, valuation and taxing district *as of the first day of January annually* for the years 1968 through 1972, except harvested crops belonging to the producer thereof which shall be listed as of the close of business on the fifteenth day of February annually for the years 1968 through 1972 * * *." (Emphasis added.)

In accordance with that section, appellant listed its turkeys as of January 1, 1968. The Tax Commissioner,

purporting to act under R. C. 5711.101, assessed the number of turkeys owned by the taxpayer at the end of its fiscal year, June 30, 1967. R. C. 5711.101 reads, in pertinent part:

"The Tax Commissioner may require that with every return *listing personal property used in business* or credits, the taxpayer shall file a financial statement or balance sheet of such business as of the close of business on the day next preceding the date of listing.

"A taxpayer who is required to file a financial statement or balance sheet of his business *pursuant to this section* may be authorized or required by the commissioner *to list his taxable property as of the close of business at the end of his fiscal year,* instead of as of the day otherwise prescribed by Section 5711.03 of the Revised Code. * * *" (Emphasis added.)

R. C. 5711.101, however, only permits the Tax Commissioner to require a listing "at the end of his fiscal year" as to taxpayers "required to file a financial statement or balance sheet of his business *pursuant to this section.*" Under "this section," the Tax Commissioner may only require such a filing as to "personal property used in business," and as of the effective date of H. B. 480 agriculture was removed from the definition of "business" within the purview of R. C. 5711.101.

R. C. 5701.08(B), as amended by H. B. 480, reads as follows:

"(B) 'Business' includes all enterprises, *except agriculture,* conducted for gain, profit, or income and extends to personal service occupations." (Emphasized words added by H. B. 480.)

R. C. 5701.08(B) now specifically excepts "agriculture" from the definition of "business." Thus, R. C. 5711.-101 no longer gives the Tax Commissioner the authority to require a listing "at the end of his fiscal year" for personal property used in *agriculture.* Instead, the General Assembly, by enacting R. C. 5711.222, has provided a specific tax listing date of January 1 for all personal property

used in agriculture except harvested crops, and has provided another specific tax listing date of February 15 for such crops. In neither event does the statute authorize the Tax Commissioner to establish some other date. Thus, the proper date for the listing of appellant's turkeys was January 1, and it was error for the Tax Commissioner to require a June 30 listing.

We reverse and remand for further proceeding in accordance with law.

*Decision reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and BROWN, JJ., concur.